IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Katherine Cockman, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Assignment Desk Works LLC, Patrick Bryant and Shawn Moffatt<br><br>Defendants. | CIVIL ACTION NO.:  2:19-cv-3082-RMG<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Katherine Cockman, on behalf of herself and all others similarly situated by and through her undersigned attorney, files this Complaint against Defendants, Assignment Desk Works LLC, ("Assignment Desk") and Patrick Bryant ("Mr. Bryant") and Shawn Moffatt ("Mr. Moffatt") (collectively "Defendants") respectfully alleges unto this Honorable Court as follows:

## NATURE OF CLAIM

1. This is an action for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq, (FLSA). Plaintiff is a former employee of Defendants. Defendants engaged in a practice of wage theft by failing to pay Plaintiff and similarly situated employees time and half when employees worked over 40 hours in a workweek.

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and similarly situated employees who suffered damages as a result of Defendants' violations of the FLSA.

3. Plaintiff also brings an individual claim for unlawful retaliation pursuant to 29 U.S.C. § 215(a)(3), of the FLSA.

4. Plaintiff also brings an individual claim for breach of contract.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff is a resident and citizen of Charleston County, South Carolina.

6. Defendant, Assignment Desk is a for-profit limited liability corporation registered with the South Carolina Secretary of State.

7. Defendant, Mr. Bryant is a citizen and resident of the State of South Carolina, who owns and operates owns and operates Assignment Desk. Mr. Bryant employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his benefit. Defendant is within the personal jurisdiction and venue of this Court.

8. Defendant, Mr. Moffett is a citizen and resident of the State of South Carolina, who owns and operates Assignment Desk. Mr. Moffett employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his benefit. Defendant is within the personal jurisdiction and venue of this Court.

9. Venue is proper in this District because the Defendant has conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

10. At all times, pertinent to this Complaint, Defendants owned an operation that was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

11.     Based upon information and belief, the annual gross sales volume of Defendants' business was more than $500,000.00 per year at all times material hereto.

12.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein

## FACTS

13.     Defendant Assignment Desk out sources professional video crews around the world, they are located at 665 Johnnie Dodds Blvd. Suite 201 Mount Pleasant, SC 29464. https://Assignmentmentdesk.com/

14.     Defendant, Mr. Bryant owns and operates, Assignment Desk and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Mr. Bryant was the employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

15.     Defendant, Mr. Moffett, owns and operates, Assignment Desk and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Mr. Moffett was the employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

16.     Plaintiff was employed by Defendants as a Production Coordinator from November 7, 2016 until her termination on August 6, 2019.

17. Plaintiff's primary duties were to book crews for video shoots, invoicing, billing both clients and vendors, receiving and entering payment from clients, working with Production Coordinators assistants, managing shoot days, marketing and calendar based tasks.

18. Plaintiff, as well as similarly situated Production Coordinators, were employed jointly by Assignment Desk.

19. Plaintiff worked for Defendants with the clear understanding and agreement by Defendants, that her compensation would be consistent with all applicable laws, including federal wage laws.

20. Plaintiff, and similarly situated Production Coordinators, were paid a salary. Plaintiff's starting salary was $28,500.00.

21. Defendants misclassified Plaintiff, and the other similarly situated Production Coordinators, as exempt from the overtime compensation requirements of the FLSA.

22. Plaintiff and similarly situated Production Coordinators, were required to work Monday through Friday from 9:00 A.M to 6:00 P.M.

23. In addition, Plaintiff and similarly situated Production Coordinators were also required to be "on call" after work hours and on the weekends.

24. If Plaintiff, or a similarly situated production coordinator, received a call after business hours they were expected to take the call and immediately begin the process of booking the shoot.

25. It was not unusually for Plaintiff, and similarly situated Production Coordinators, to spend much of their weekends working.  as well as working late into the evening on weeknights.

26. Plaintiff and similarly situated Production Coordinators were not compensated for the hours they spent working after 6:00 P.M and on weekends.

27. Although they did not receive compensation for working weekends and weeknights; Plaintiff, and similarly situated Production Coordinators, were reprimanded if they did not work uncompensated.

28. Plaintiff, and similarly situated Production Coordinators, regularly worked between fifteen (15) and twenty (20) hours of overtime when they were "on call". Plaintiff and similarly situated Production Coordinators, could be "on call" as much as every other week.

29. Plaintiff, and similarly situated Production Coordinators, regularly worked in excess of forty (40) hours per week; and Defendants fail to compensate them at a rate of one and one-half times their regular hourly wage in violation of the FLSA.

30. Defendants violated FLSA's recordkeeping regulations, as set forth 29 CFR Part 516. Defendants did not keep accurate records of the hours Plaintiff and similarly situated Production Coordinators worked.

31. Plaintiff, and similarly situated Production Coordinators, were non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

32. Plaintiff, and similarly situated Production Coordinators, were not employed in any bona fide executive, administrative, or professional capacity.

33. Plaintiff did not have the authority to hire, fire or discipline employees. Nor could Plaintiff set or adjust employees' rates of pay.

34. Plaintiff's position did not allow her to exercise discretion and independent judgment with respect to matters of significance.

35. Plaintiff did not direct the work of two employees, nor was she involved in any management decisions for the company.

36. Plaintiff complained to her supervisors about being paid overtime when she worked over forty hours.

37. Notwithstanding that the Defendants did not compensate Plaintiff for the time she spent working late in the evenings and on weekends; Plaintiff frequently worked late into the evenings and on weekends, even though she was not being compensated for that time.

38. On Friday, August 2, 2019, Plaintiff requested to take a long weekend, returning to work on Tuesday, August 6th, because she had a friend visiting from out of town.

39. Over the weekend, Defendants called Plaintiff on her cell phone. The Defendants expected Plaintiff work over the weekend, even though she would not be compensated. Plaintiff's cell phone died, consequently Plaintiff did not respond to Defendants' phone call requesting her to work unpaid over the weekend.

40. When Plaintiff returned to work on August 6th, Mr. Moffett told Plaintiff she was terminated. He instructed her to pack-up her things and leave immediately. Mr. Moffett then advised Plaintiff's co-workers that he fired Plaintiff.

41. Plaintiff felt humiliated and ashamed as she gathered her things and walked past her co-workers.

42. Upon information and belief, Mr. Moffett wanted to make an example out of Plaintiff to intimidate and scare the other Production Coordinators so they would be less likely to complain when the Defendants required them to work without compensation.

43. These violations of federal law by the Defendants were knowing, willful, intentional, and done in bad faith.

44. Plaintiff's complaints to her supervisors were sufficiently clear and detailed for the Defendant to understand the nature of the complaint, and that it constituted protected activity under the FLSA's anti-retaliation provision.

45. The Defendant had fair notice that Plaintiff's complaint was protected activity.

46. Defendants retaliated against Plaintiff by terminating her because she complained about violations of the FLSA.

47. Defendants also retaliated against Plaintiff by terminating her because she complained about working in the evening and on weekends and not being compensated.

48. Because of Defendants' retaliatory conduct Plaintiff suffered emotional damages due being, humiliated, and embarrassed in front of her co-workers.

49. Plaintiff is also experiencing extreme anxiety as a result of the Defendants retaliatory termination. Plaintiff is worried about finding other employment and being with health insurance.

50. Defendants did nothing to rectify the violations that Plaintiff complained about.

51. In fact, Defendants publically terminated Plaintiff in direct response to her complaints, so other similarly situated employees would not complain.

52. Upon information and belief, the Defendants violated 29 C.F.R. § 516.2(7) because they failed to maintain records of the hours Plaintiff, and similarly situated Production Coordinators, worked each workday and the total hours worked each workweek.

53. At all times, relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants, and she performed the essential functions of her job in an exceptional and competent manner.

## FOR A FIRST CAUSE OF ACTION
### (FLSA - Unpaid Overtime Wages)
### (Class claims)

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

55. At all times relevant herein, Defendants were engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s) of the FLSA.

56. At all times relevant herein, Plaintiff was employed with Defendants as an employee within the meaning of the FLSA.

57. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

58. Plaintiff and similarly situated employees worked in excess of forty (40) hours during the workweek(s), yet Defendants failed to compensate them in accordance with the FLSA's overtime provision.

59. The work and pay records, of Plaintiff and the members of the Plaintiff's class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

60. Defendants violated the FLSA, 29 U.S.C. § 201, *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff and similarly situated employees are entitled to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs

of this action for Defendant's violations of the FLSA's overtime provision, pursuant to 29 U.S.C. § 216(b).

62. Defendants' failure to compensate Plaintiff and similarly situated employees for overtime work, as required by the FLSA, was knowing, willful, intentional, and done in bad faith.

63. Plaintiff and similarly situated employees are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FOR A SECOND CAUSE OF ACTION
### (FLSA–Retaliation)
### (Individual Action)

65. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs

66. On various occasions throughout Plaintiff's employment, she complained about pay practices of Defendants' that were unlawful under the FLSA.

67. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein.

68. Defendants did nothing to rectify the wage and hour violations that Plaintiff complained about.

69. In fact, the Defendants publically terminated Plaintiff in direct response to her complaints of wage and hour violations.

70. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff based on her lawful complaints of overtime violations.

71.     Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

72.     Defendants are subject to individual liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

73.     Defendants terminated Plaintiff and otherwise discriminated against her because of her protected conduct.

74.     Defendant has willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

75.     Because of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, emotional damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

### FOR A THIRD CAUSE OF ACTION
**(Breach of Contract)**
**(Individual Action)**

76.     Plaintiff incorporates herein by reference all previous allegations of the Complaint as if fully set forth herein.

77.     Plaintiff executed two (2) employment contract with the Defendants.

78.     Per the first contract, Defendants agreed to employ Plaintiff from November 7, 2016 to November 7, 2018 as a Production Coordinator at a salary of $28,500.00.  Plaintiff agreed to pay a penalty of two (2) months' salary if she breached the employment agreement. Defendants agreed that Plaintiff could only be terminated for "good cause".

79. Plaintiff executed a second contract with the Defendants. According to this contract, Defendants agreed to employ Plaintiff from November 7, 2018 to November 7, 2019 as a Senior Production Coordinator at a salary of $28,500.00. Plaintiff agreed to pay a penalty of two (2) months' salary if she breached the employment agreement. Defendants agreed that Plaintiff could only be terminated for "good cause".

80. Plaintiff performed all duties, promises, and obligations required of her in the employment agreement.

81. The Defendant's violated the contract by terminating Plaintiff without good cause.

82. Plaintiff's termination violated 29 U.S.C. § 215(a)(3) of the FLSA.

83. Plaintiff's termination was retaliatory.

84. Because of Defendant's breach of the agreement, Plaintiff has suffered consequential and compensatory damages.

85. Plaintiff is therefore entitled to actual damages.

86. Defendants are liable for all attorney's fees paid by the Plaintiff to enforce the employment contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Court Order requiring Defendants to preserve employment records, including payroll and time records during the pendency of this action.

c) Injunctive relief requiring the Defendants to reinstate Plaintiff to her previous position;

d) Injunctive relief in form of a Court Order, requiring the Defendants to comply with the FLSA;

e) Declaratory Judgment against Defendants that they violated the FLSA by not paying Plaintiff and similarly situated Production Coordinators overtime;

f) Declaratory Judgment against Defendants that their violation of the FLSA was willful;

g) Declaratory Judgment against Defendants that Plaintiffs termination was retaliatory and violated the FLSA;

h) Declaratory Judgment against Defendants for breach of contract;

i) Judgment against Defendants for all overtime worked at one-and one-half times the regular rate of pay;

j) Judgment against the Defendants for front-pay, back-pay;

k) Judgment against the Defendants for emotional and compensatory damages;

l) Judgement against the Defendants for compensatory, consequential and liquidated damages for breach of contract;

m) Liquidated damages in an amount equivalent to the overtime damages and unpaid owed to Plaintiff;

a) Attorney's fees and costs; and

b) All such further relief as the Court deems just and equitable.

### JURY DEMANDED

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
1037-D Chuck Dawley Blvd, Suite 100
Mount Pleasant, South Carolina 29464
(843) 588-5587 Phone
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*


October 30, 2019